[Cite as *Whitmore v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-3218.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD WHITMORE

      Plaintiff

      v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

      Defendant

      Case No. 2008-10366

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

<u>JUDGMENT ENTRY</u>

{¶ 1} On March 3, 2010, the magistrate issued a decision recommending judgment for plaintiff as to the first cause of action in plaintiff's complaint and for defendant as to the second and third causes of action.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On March 10, 2010, plaintiff filed a motion "to extend time to secure" a transcript and to file objections. Defendant filed a memorandum contra addressing plaintiff's request for separate damages trials.

{¶ 3} On March 18, 2010, the court issued an entry granting plaintiff an extension of time until April 19, 2010, to file objections to the magistrate's decisions. On April 15, 2010, plaintiff filed his objections, an affidavit of indigency, and an affidavit of evidence pursuant to Civ.R. 53(D)(3)(b)(iii).

{¶ 4} Civ.R. 53(D)(3)(b)(iii) provides, in part:

**{¶ 5}** "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding *or an affidavit of that evidence if a transcript is not available.*" (Emphasis added.)

**{¶ 6}** However, Civ.R. 53 "does not provide the objecting party with an option to file either a transcript or an affidavit. An affidavit may be employed only where a transcript of the proceedings is not available. A transcript is not unavailable merely because the original stenographic notes have not been transcribed or because a party elects not to order a transcript of the proceedings. Where a transcript can be produced, the transcript is available and must be provided to the trial court in support of objections to a magistrate's decision." *Gladden v. Grafton Correctional Inst.*, Franklin App. No. 05AP-567, 2005-Ohio-6476.

**{¶ 7}** Plaintiff does not allege that a transcript of proceedings in this case is "unavailable" other than his assertion that he cannot afford to pay for it. Accordingly, plaintiff's affidavits of evidence and indigency filed on April 15, 2010, are STRICKEN from the record.

**{¶ 8}** Plaintiff asserts that the magistrate erred in his factual findings with regard to both plaintiff being required to use a top bunk and the credibility of witnesses. However, those objections are not supported by a transcript of the relevant evidence as required by Civ.R. 53 and are therefore OVERRULED.

**{¶ 9}** Plaintiff also asserts that the magistrate erred in concluding that defendant was not liable to plaintiff for injuries plaintiff sustained as a result of being handcuffed for approximately six hours. Plaintiff contends that defendant is necessarily liable inasmuch as defendant chose to discipline CO Goodrich for "losing tools," in connection with the incident. The magistrate rejected plaintiff's argument and for the reasons set forth in the magistrate's decision, this objection is not well-taken.

{¶ 10} The court determines that there is no error of law or other defect evident on the face of the magistrate's decision.  Therefore, the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein.  Judgment is rendered in favor of the plaintiff on his first claim of negligence and judgment is rendered in favor of defendant on the remaining claims. The case will be set for trial on the issue of damages.

_____
CLARK B. WEAVER SR.
Judge

cc:

Douglas R. Folkert                          Richard F. Swope
Assistant Attorney General                  6480 East Main Street, Suite 102
150 East Gay Street, 18th Floor             Reynoldsburg, Ohio 43068
Columbus, Ohio 43215-3130

KAH/cmd
Filed June 8, 2010
To S.C. reporter July 7, 2010